AO106(Rev.5/85) Affidavit for Search Warrant

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

In the Matter of the Search of
(Name, address or brief description of person, property, or premises to be searched)

One back colored motorola boost mobile cellular telephone, Model H81XAH6RR1AN bearing Serial Number 364KFE2Y10, seized on September 5, 2007, from Kevin Ballard**.**

(Further described below)

**APPLICATION AND AFFIDAVIT FOR SEARCH WARRANT**

CASE NUMBER:

I    JOSH GREEN                          being duly sworn depose and say:

I am a(n)   Special Agent with the ATF            and have reason to believe
             (Official Title)

that (name, description and or location)  One black colored motorola boost mobile cellular telephone, model H81XAH6RR1AN bearing serial number 364KFE2Y10,

**in the District of Columbia, there is now concealed a certain person or property, namely** (describe the person or property to be searched)

**Please see attachment A**

**which is (state one or more bases for search and seizure set forth under Rule 41(c) of the Federal Rules of Criminal Procedure)**
       **which constitute evidence of a criminal offense**

**concerning a violation of Title  21   United States Code, Section(s) §§ 841, 846   . The facts to support a finding of Probable Cause are as follows:**

**SEE ATTACHED AFFIDAVIT HEREIN INCORPORATED BY REFERENCE AS IF FULLY RESTATED HEREIN**

**Continued on the attached sheet and made a part hereof.     YES    X☐    NO**

Jeffrey Pearlman
Federal Major Crimes
(202) 353-2385

**Signature of Affiant**
**Josh Green, Special Agent, ATF**

**Sworn to before me, and subscribed in my presence**

                                                          at Washington, D.C.

**Date**

**Name and Title of Judicial Officer**          **Signature of Judicial Officer**
AO93(Rev.5/85)Search Warrant

UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF COLUMBIA

| | |
|---|---|
| In re matter of search of: )<br>)<br>ONE BLACK COLORED MOTOROLA BOOST )<br>MOBILE TELEPHONE, MODEL H81XAH6RR1AN )<br>BEARING SERIAL NUMBER 364KFE2Y10, SEIZED )<br>SEPTEMBER 5, 2007, FROM KEVIN BALLARD AT )<br>5117 12TH STREET NORTHEAST, WASHINGTON, DC. ) | CASE NO. |

AFFIDAVIT IN SUPPORT OF APPLICATION FOR
SEARCH WARRANT

I, Joshua C. Green, having been duly sworn, depose and state the following:

    1. Your affiant in this matter is Special Agent Joshua C. Green of the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF). I am currently assigned to the ATF's Washington, D.C. High Intensity Drug Trafficking Area (HIDTA) Group. I have been a Federal Law Enforcement Officer with the United States Government in excess of twelve years, the last ten of which have been in the Washington, D.C. area. During my tenure as a Federal Law Enforcement Officer in Washington, D.C., I have taken part in over 100 federal and local criminal investigations involving the use, possession and transfer of narcotics and/or firearms. I have attended a number of schools and training venues hosted by ATF, HIDTA, and the Federal Law Enforcement Training Center dealing in various techniques of investigating crimes involving firearms and narcotic related offenses.

    2. This affidavit is submitted in support of an application for a search warrant for

one black colored MOTOROLA BOOST MOBILE TELEPHONE, MODEL H81XAH6RR1AN, BEARING SERIAL NUMBER 364KFE2Y10, SEIZED ON SEPTEMBER 5, 2007, FROM KEVIN BALLARD AT 5117 12TH STREET NORTHEAST, WASHINGTON, D.C.  This cellular telephone is the property of Kevin BALLARD who was in constructive possession of this cellular telephone at 5117 12th Street Northeast, Washington, D.C. when a search warrant was executed at the residence by the ATF on September 5, 2007.  This cellular telephone is now in the possession of the ATF and has been since it was seized on the aforementioned date.  At the time of the seizure, the telephone was not turned on, used or otherwise handled except to place it into evidence.

3.  The facts and information contained in this affidavit are based upon my personal knowledge of the investigation, as well as the observations of other law enforcement officers involved in the investigation.  This affidavit contains only information necessary to support probable cause for this application and is not intended to include each and every fact and matter observed by me or known to the government.

4.  Based on your affiant's training and experience and the training and experience of other law enforcement officers, your affiant knows that it is common for individuals engaged in the distribution of controlled substances to utilize telephonic communications, both cellular and hard line, to further their criminal activities by coordinating the distribution of narcotics, illegal proceeds of narcotics trafficking, and other efforts of co-conspirators.

5.  On September 5, 2007, agents of the ATF executed a U.S. District Court search warrant at the premises of 5117 12th Street Northeast, Washington, D.C.  Upon

entering the residence, agents located one individual in the basement bedroom, identified as Kevin BALLARD. A black colored MOTOROLA BOOST MOBILE TELEPHONE, MODEL H81XAH6RR1AN, BEARING SERIAL NUMBER 364KFE2Y10, was located on a small table next to the bed in the basement bedroom, in close proximity to where BALLARD was located. Later, during the search of the residence, BALLARD stated to your affiant that the basement bedroom was his and that only he resided there.

      6. After conducting a search of the residence in accordance with the authority granted in the search warrant, agents located various types of drug packaging material and paraphernalia in the same room as BALLARD. More specifically, in the trash can agents found the top portion of dozens of clear sandwich bags which had been twisted and cut off. Some of them also appeared to have suspected cocaine residue on them. From my experience, these pieces of sandwich bag would be consistent with the removed tops from sandwich bags used to package drugs. It is not uncommon for drug dealers to put drugs in sandwich bags, twist and tie the top, and then cut off the twisted top. A microwave located in the room contained two plates, both of which had cocaine residue which field tested positive. On top of a shelf located immediately next to BALLARD's bed were two digital scales, razor blades with cocaine residue, a small zip, and $9,000.00 U.S. currency bundled in $1,000.00 increments. The suspected cocaine residue was field tested with positive results. Throughout the basement bedroom agents located boxes of latex gloves and boxes of sandwich bags, both of which are routinely used by illegal drug dealers when packaging illegal drugs. In addition, near the bed agents found documents in BALLARD's name with the residence's address.

7. BALLARD made statements to your affiant at the search warrant location. BALLARD admitted that he used to sell drugs although he claimed he was no longer involved in drug dealing activity. BALLARD stated that all the drug packaging material and paraphernalia was old and that it was left over from when he did traffic in illegal drugs but that it had been at least one month since he was involved in drug sales and that the packaging material found in the trash can was from that time. He further stated that nobody else has used the residence to package or sell drugs and that all the drug related items found inside the residence were his.

8. NCIC criminal records indicate that BALLARD has prior drug related arrests in Washington, D.C., including an arrest for Possession With Intent to Distribute Cocaine, Possession of Heroin, and Unauthorized Use of a Vehicle (resulting in his eventual conviction for Possession of Cocaine) in September, 2005, and an arrest for Carrying a Pistol Without a License and Possession of Drug Paraphernalia (resulting in his eventual conviction for Possession of Drug Paraphernalia, Unlawful Possession of a Firearm and Unlawful Possession of Ammunition) in October, 2005. BALLARD was also arrested in September, 1992 in Prince George's County, Maryland and charged with Possession of a Controlled Dangerous Substance with Intent to Distribute. He was subsequently convicted of this charge and sentenced to three years in prison (two of which were suspended).

9. Based upon the fact that drug traffickers commonly utilize cellular telephones to coordinate drug transactions, BALLARD's constructive possession of the cell phone, drug packaging material and paraphernalia, and BALLARD's criminal history and statements indicating he is or has been involved in illegal drug trafficking, I believe that

the cellular telephone contains information concerning the identity of persons involved in the trafficking of illegal drugs such as BALLARD's supplier(s), customers and co-conspirators. Based on the foregoing, there is probable cause to believe that the cellular telephone seized from BALLARD on September 5, 2007, contains evidence of narcotics trafficking and conspiracy to distribute narcotics in violation of Title 21 United States Code Sections 841 and 846.

_____
Joshua C. Green
Special Agent
Bureau of Alcohol, Tobacco, Firearms and Explosives


Signed and sworn to before me this \_\_\_\_ day of September, 2007


_____
United States Magistrate Judge
District of Columbia

# ATTACHMENT A

## ITEMS TO BE SEIZED:

(Regarding a search warrant for a black colored Motorola Boost Mobile telephone, Model H81XAH6RR1AN, bearing serial number 364KFE2Y10.)

Text Messages
Multi Media Messages
Audio Files
Voice Mail
Graphic Images
Video Files
Contacts
Call History
Subscriber Information
E-Mail Files
Instant Messaging Files
Any and All Telephone Numbers
Other Files Resident on Handset, Subscriber Identity Module (SIM) or memory cards